1  **KNIGHT LAW GROUP, LLP**
   Steve Mikhov (SBN 224676)
2  1801 Century Park East, Suite 2300
   Los Angeles, California 90067
3  Telephone: (310) 552-2250
   Facsimile: (310) 552-7973
4

5  **LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
   Michael H. Rosenstein (SBN 169091)
6  Raymond Hay (SBN 308471)
   1801 Century Park East, Suite 2300
7  Los Angeles, California 90067
   Telephone: (310) 286-0275
8  Facsimile: (310) 286-0274
9  Attorneys for Plaintiffs,
   MICHAEL MANSHOORY and
10 MIKE MANSHOORY

11

12             **UNITED STATES DISTRICT COURT**

13    **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

14 | MICHAEL MANSHOORY and MIKE | Case No.: |
   | MANSHOORY, | **2:17-cv-6714 SVW (MRWx)** |
15 | | |
   |                        Plaintiffs, | Judge:     Hon. Stephen V. Wilson |
16 | | |
   | vs. | **PLAINTIFFS' MOTION *IN LIMINE* NO. 1** |
17 | | |
   | BMW OF NORTH AMERICA, LLC, a | **NOTICE OF MOTION AND MOTION** |
18 | Delaware Limited Liability Company, | ***IN LIMINE* MOTION TO PROHIBIT** |
   | | **TESTIMONY OR REFERENCE TO** |
19 |                        Defendant. | **PLAINTIFFS' PRIOR FELONY** |
   | | **CONVICTIONS** |
20 | | |
21 | | [Filed Concurrently with Memorandum; Declaration of Raymond Hay; [Proposed] Order] |
22 | | |
23 | | Filed:     April 28, 2017 |
24 | | Trial:     April 17, 2018 |
   | | Hearing: April 9, 2018 |
25

26 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

27       PLEASE TAKE NOTICE that plaintiffs Michael Manshoory, and Mike Manshoory

28

---

("Plaintiffs"), move the Court *in limine* for an order prohibiting Defendant BMW of North America, LLC ("BMW" or "Defendant") from proffering evidence or testimony regarding Plaintiff's prior felony conviction. Any such information is irrelevant and highly prejudicial as it would be intended solely to inflame the passions of the jury while simultaneously confusing the issues.

Plaintiffs further move the Court to instruct all parties and their counsel, as well as require counsel to advise all witnesses of the following:

1.     Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission from the Court outside the presence and hearing of the jury;

2.     Not to make any reference to the fact that this Motion has been filed; and,

3.     To warn and caution all witnesses to strictly follow the same instructions.

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Raymond Hay attached hereto, the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

Dated: April 5, 2018                    **LAW OFFICES OF MICHAEL H. ROSENSTEIN**

Michael H. Rosenstein
Raymond Hay
*Attorneys for Plaintiff,*
MICHAEL MANSHOORY, and
MIKE MANSHOORY

- 1 -

PLAINTIFFS' MIL NO. 1: TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' FELONY CONVICTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The underlying action involves plaintiffs Michael Manshoory, and Mike Manshoorys' ("Plaintiffs") claims against defendants BMW of North America, LLC ("BMW" or "Defendant") for breach of express and implied warranty arising under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Civ. Code, § 1790 *et seq.*  In 2017, Plaintiff Michael Manshoory was convicted of negligent discharge of a firearm, a felony.  Plaintiffs anticipate that Defendant will attempt to introduce evidence or testimony of this conviction to attack Plaintiffs' character and arouse the emotions of the jury.  Evidence of this conviction has no relevance to the facts of this case and would be highly prejudicial if presented to the jury.  As such, Plaintiffs respectfully request that Defendant be prohibited from proffering evidence or testimony regarding Plaintiff's prior felony conviction.

### II.   STATEMENT OF FACTS

In 2017, Plaintiff, Michael Manshoory, was convicted of negligent discharge of a firearm, a felony.  Other than this one incident in 2017, Mr. Manshoory does not have any other felony convictions.  Plaintiff's conviction was disclosed to Defendants in connection with his deposition on January 9, 2018.  On December 15, 2013, Plaintiffs leased a 2014 BMW 650I CV (the "Subject Vehicle").  At the time of lease, the Subject Vehicle was still covered by BMW's basic limited warranty which covered defects in materials or workmanship for 4 years or 50,000 miles.  Unfortunately for Plaintiffs, the Subject Vehicle turned out to be an absolute disaster.  Within four (4) months of leasing the Subject Vehicle, it was back at the dealership because of suspension and structural issues.  Over the next 31 months, Plaintiffs presented the Subject Vehicle to BMW's authorized repair facility no less than nine (9) times for serious concerns.  Also, over this time period, the Subject Vehicle was at the dealership for repairs for *no less than 59 days*.  As such, on April 28, 2016, Plaintiff was forced to initiate this action.

///

///

///

PLAINTIFFS' MIL NO. 1: TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' FELONY CONVICTIONS

## III.   ARGUMENT

### A.   Plaintiff's Prior Conviction is Not Relevant

This action was brought by the lessees of an automobile against the automobile's manufacturer for breach of warranty. To prevail on a breach of implied warranty claim, Plaintiffs must establish that the Subject Vehicle was not of the same quality as those generally acceptable in the trade or was not fit for the ordinary purposes for which the goods are used. To prevail on a breach of express warranty claim, Plaintiffs must establish that the Subject Vehicle had a defect that was covered by the warranty that substantially impaired its use, value, or safety to a reasonable person in Plaintiffs' situation and that BMW or its authorized repair facility failed to repair the Subject Vehicle to match the written warranty after a reasonable number of opportunities to do so. Whether a person with direct knowledge of these nonconformities has a criminal record is wholly irrelevant to Defendant's own willfulness to skirt its affirmative duties under the Song-Beverly Act. Accordingly, Plaintiff Michael Manshoory's prior conviction is simply not relevant to Plaintiff's claims or Defendants' defenses.

### B.   Plaintiff's Prior Conviction is Not Probative of Plaintiff's Veracity

Plaintiffs anticipate that Defendant will attempt to introduce evidence of Plaintiff's prior conviction under Federal Rules of Evidence 609, and objects to the admission of this conviction should he testify. Accordingly, Plaintiffs move this court to exclude Plaintiff, Michael Manshoory's previous criminal record pursuant to Federal Rule of Evidence 609. FRE 609(a). Although 609 permits attacking a witness's character for truthfulness through prior felony convictions, it is subject to Federal Rules of Evidence 403 to determine if the probative value is substantially outweighed by its prejudicial effect. Mr. Manshoory's prior conviction for negligent discharge of a firearm has absolutely nothing to do with his character for truthfulness. "The reason of allowing cross-examination under Federal Rules of Evidence 609(a) is to allow a party to attempt to case doubt, while certain acts, such as murder, assault, or battery normally do not." Varhol v. Nat'l R.R. Passenger Corp., 909 F.2d 1557, 1567 (7th Cir. 1990). The only purpose for Defendant to bring up his conviction is to prejudice the jury against Plaintiff. It lends no bearing to his truthfulness during testimony or even to show propensity for Plaintiff's character for truthfulness.

PLAINTIFFS' MIL NO. 1: TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' FELONY CONVICTIONS

**C.     Plaintiff's Prior Conviction is Highly Prejudicial**

Plaintiff's prior felony conviction, "negligent discharge of a firearm" is not evidence of truthfulness and would substantially prejudice the jury against Plaintiff.   The court would need to apply a balancing test to determine if the probative value of Plaintiff's prior conviction is substantially outweighed by its prejudicial impact. <u>United States v. Puckett, 405 F.3d. 589, 596 (7th Cir.2005)</u>.  For the very reason that Plaintiff's conviction lacks probity, it would prove to be highly prejudicial.  As juries tend to discriminate against convicted criminals, the court should exclude any reference to Plaintiff's prior record.  The Seventh Circuit has explained that " ...'[e]vidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented...,'" <u>Thompson v. City of Chicago</u>, 472 F.3d 444, 456-57 (7th Cir. 2006) (citing <u>United States v. Connelly</u>, 874 F.2d 412, 418 (7th Cir. 1989)).

Indeed, if Plaintiff's "negligent discharge of a firearm" conviction is brought up, there exists a substantial possibility the jury would be unduly prejudiced against Plaintiff and may find against him even if they feel the facts of this case provide his rights were violated.  The sole purpose of introducing Plaintiff's prior conviction would be to enflame the jury and put Plaintiff's character on trial rather than the facts of the case.  The obvious and significant danger is that jurors make their decision based on their passions rather than the facts of the case.  Jurors could find against Plaintiff simply because they disapprove of his old conduct.

Additionally, allowing the jury to hear about Plaintiff's prior conviction could confuse the jury as to what is really at issue in this case, and would serve to burden the parties and the court with an undue consumption of time.  The matter at bar is about Defendants' conduct and whether or not the Subject Vehicle qualified for repurchase under the law, not Plaintiff's conduct.

///

///

///

///

PLAINTIFFS' MIL NO. 1: TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' FELONY CONVICTIONS

1  **IV.    CONCLUSION**

2         Based on the foregoing, Plaintiff respectfully requests Defendants be prohibited from

3  offering evidence or testimony regarding Plaintiff's prior felony conviction

4

5  Dated: April 5, 2018                    **LAW OFFICES OF MICHAEL H. ROSENSTEIN**

6

7                                          _____

8                                          Michael H. Rosenstein
                                           Raymond Hay
9                                          *Attorneys for Plaintiff,*
                                           MICHAEL MANSHOORY and
10                                         MIKE MANSHOORY,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MIL NO. 1: TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' FELONY CONVICTIONS

## **DECLARATION OF RAYMOND HAY**

I, Raymond Hay, declare as follows:

1.      I am an attorney licensed to practice law in the State of California.  I am an Associate at the Law Offices of Michael H. Rosenstein, attorneys of record in association with Knight Law Group, LLP, as counsel for plaintiffs Mike and Michael Manshoory ("Plaintiffs") in the above-captioned matter.

2.      I have personal knowledge of the following facts and if sworn as a witness, I could and would testify to them competently.

3.      Plaintiff's past felony conviction is not relevant to this case. Further, the introduction of Plaintiff's past felony conviction is not probative and highly prejudicial. There is a high risk that the jury would be incurably biased if the jury were expose to this information. There is a high risk that this information would form the basis of the jury's decision rather than the legal and factual merits of this case.

4.      If Defendant stipulates prior to the hearing on to this motion, this motion *in limine* will be withdrawn.  Plaintiffs will immediately notify the court of the same.

5.      If this motion is not granted, Plaintiffs will suffer an undue prejudice since Plaintiffs have prepared their case assuming that any reference to Plaintiff, Michael Manshoory's, criminal record would be inadmissible.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 5, 2018, in Los Angeles, California.


Raymond Hay

- 1 -
DECLARATION OF RAYMOND HAY

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 5, 2018</u>, I filed the foregoing document entitled **MOTION *IN LIMINE* NO. 1 TO PROHIBIT TESTIMONY OR REFERENCE TO PLAINTIFFS' PRIOR FELONY CONVICTIONS; DECLARATION IN SUPPORT THEREOF** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.


<u>      /s/ Raymond Hay                  </u>
Raymond Hay

- 1 -

CERTIFICATE OF SERVICE