**LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
Michael H. Rosenstein (SBN 169091)
Email:   mrosenstein@rose-law.com
Brian T. Shippen-Murray (SBN 288188)
Email:   bmurray@rose-lawoffice.com
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0275
Facsimile: (310) 286-0274
Attorneys for Plaintiffs
MICHAEL MANSHOORY and MIKE MANSHOORY

**BOWMAN AND BROOKE LLP**
Brian Takahashi (SBN: 146505)
E-mail:  Brian.Takashashi@bowmanandbrooke.com
Richard L. Stuhlbarg (SBN: 180631)
E-mail:  Richard.Stuhlbarg@bowmanandbrooke.com
Corinne D. Orquiola (SBN: 226969)
E-mail:  Corinne.Orquiola@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Telephone: 310/ 768-3068
Facsimile:   310/ 719-1019
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL MANSHOORY and MIKE MANSHOORY, <br><br> Plaintiffs, <br><br> vs. <br><br> BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No.: 2:17-cv-6714 SVW <br> Judge:   Hon. Stephen V. Wilson <br><br> **JOINT LIST OF PROPOSED JURY INSTRUCTIONS** <br><br> Filed:     April 28, 2017 <br> Trial:      April 17, 2018 |

1

19326418v1

PLEASE TAKE NOTICE THAT Plaintiffs Michael Manshoory and Mike Manshoory ("Plaintiffs") and Defendant BMW of North America, LLC ("BMW NA" or "Defendant") hereby submit the attached proposed jury instructions:

DATED: April 5, 2018          **LAW OFFICES OF MICHAEL ROSENSTEIN**

BY: /s/ Brian T. Shippen-Murray
        Michael Rosenstein
        Brian T. Shippen-Murray
        Attorneys for Plaintiffs
        MICHAEL MANSHOORY and
        MIKE MANSHOORY

DATED: April 5, 2018          **BOWMAN AND BROOKE LLP**

BY: /s/ Corinne D. Orquiola
        Brian Takahashi
        Richard L. Stuhlbarg
        Corinne D. Orquiola
        Attorneys for Defendant
        BMW OF NORTH AMERICA, LLC

2

19326418v1

# JOINT LIST OF JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | Failure to Promptly Repurchase of Replace New Motor Vehicle After Reasonable Number of Repair Opportunities – Essential Factual Elements | | |
| | *Plaintiffs' Proposal* | CACI 3201 | 8 |
| | *Defendant's Proposal* | CACI 3201; <u>Johnson v. Ford Motor Co.</u> | 10 |
| 2 | "Repair Opportunities" Explained | | |
| | *Plaintiffs' Proposal* | CACI 3202 | 14 |
| | *Defendant's Proposal* | CACI 3202; <u>Silvio v. Ford Motor Company</u>; <u>Duale v. Mercedes-Benz USA</u>; <u>Murillo v. Fleetwood Enterprises</u> | 16 |
| 3 | "Substantially Impaired" Explained | | |
| | *Plaintiffs' Proposal* | CACI 3204 | 19 |
| | *Defendant's Proposal* | <u>Lundy v. Ford Motor Company</u>; <u>Johnson v. Ford Motor Company</u> | 21 |
| 4 | Breach of Implied Warranty of Merchantability- Essential Factual Elements | | |
| | *Plaintiffs' Proposal* | CACI 3210 | 23 |
| | *Defendant's Proposal* | CACI 3210; <u>American Suzuki</u> | 25 |

3

19326418v1

| | | | |
|---|---|---|---|
| | | Motor Corp. v. Superior Court; Brand v. Hyundai Motor America | |
| 5 | Duration of Implied Warranty | | |
| | *Plaintiffs' Proposal* | CACI 3212 | 27 |
| | *Defendant's Proposal* | CACI 3212 | 29 |
| 6 | Restitution from Manufacturer -- New Motor Vehicle | | |
| | *Plaintiffs' Proposal* | CACI 3241 | 31 |
| | *Defendant's Proposal* | CACI 3241; Kirzhner v. Mercedes-Benz USA | 33 |
| 7 | Incidental Damages | CACI 3242 | 35 |
| 8 | Consequential Damages | CACI 3243 | 36 |
| 9 | Civil Penalty -- Willful Violation | | |
| | *Plaintiffs' Proposal* | CACI 3244 | 37 |
| | *Defendant's Proposal* | CACI 3244 | 39 |
| 10 | Jurors Not to Consider Attorney Fees and Court Costs | CACI 3964 | 41 |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 11 | Failure to Begin Repairs Within Reasonable Time or to Complete Repairs Within 30 | CACI 3205 | 42 |

4

19326418v1

| | | Days—Essential Factual Elements (Civ. Code, § 1793.2(b)) | | |
|---|---|---|---|---|
| 12 | | Continued Reasonable Use Permitted | CACI 3230 | 46 |
| 13 | | Continuation of Express or Implied Warranty During Repairs (Civ. Code, § 1795.6) | CACI 3231 | 48 |
| 14 | | Manufacturer's Duty to Offer Repurchase or Replacement | Lukather v. General Motors; Krotin v Porsche Cars NA | 50 |
| 15 | | Dealership is Authorized Agent of Distributor | Ibrahim v. Ford Motor Co. | 55 |
| 16 | | Delayed Discovery of Breach of Implied Warranty | Mexia v. Rinker Boat Co. | 57 |
| 17 | | Willful Failure to Repurchase or Replaced | Kwan v. Mercedes Benz of North America | 60 |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

| No. | Title | Source | Page |
|---|---|---|---|
| 18 | Remedy For Breach of Implied Warranty | UCC 2602, UCC 2607, UCC 2608 | 62 |
| 19 | Mere Fact of Repair Attempt Is Not Evidence of Nonconformity | Johnson v. Ford Motor Company | 65 |
| 20 | Defect Defined | Johnson v. Ford | 67 |

5

19326418v1

| | | Motor Company | |
|---|---|---|---|
| 21 | Affirmative Defense—Unauthorized or Unreasonable Use | Henderson | |
| 22 | Spoliation – Evidence Not Preserved | Apple, Inc. v. Samsung Elecs. Co.; Nursing Home Pension Fund v. Oracle Corp. | 70 |
| 23 | Substantial Factor | CACI 430 | 72 |
| 24 | Civil Penalty – Willful Violation (Civ. Code, § 1794) | CACI 3244 | 74 |

## JOINT LIST OF NINTH CIRCUIT MODEL JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1.3 | Burden of Proof - Preponderance | Ninth Circuit Model, Civil | 76 |
| 1.4 | Burden of Proof – Clear and Convincing *(Plaintiffs Object to the use of this instruction) | Ninth Circuit Model, Civil | 77 |
| 1.9 | Direct and Circumstantial | Ninth Circuit Model, Civil | 78 |
| 1.10 | Ruling on Objections | Ninth Circuit Model, Civil | 79 |
| 1.11 | Credibility of Witnesses | Ninth Circuit Model, Civil | 80 |
| 1.12 | Conduct of the Jury | Ninth Circuit Model, Civil | 81 |
| 1.13 | No Transcript Available to Jury | Ninth Circuit Model, | 83 |

6

19326418v1

| | | Civil | |
|------|-----------------------------------------------|-------------------------------------------------|-----|
| 1.14 | Taking Notes | Ninth Circuit Model, Civil | 84 |
| 1.15 | Questions to Witnesses by Jurors | Ninth Circuit Model, Civil | 85 |
| 1.18 | Bench Conferences | Ninth Circuit Model, Civil | 87 |
| 1.19 | Outline of Trial | Ninth Circuit Model, Civil | 88 |
| 2.2 | Stipulations of Fact | Ninth Circuit Model, Civil | 89 |
| 2.11 | Use of Interrogatories | Ninth Circuit Model, Civil | 90 |
| 2.12 | Use of Requests for Admissions | Ninth Circuit Model, Civil | 91 |
| 2.13 | Expert Opinions | Ninth Circuit Model, Civil | 92 |
| 2.14 | Charts and Summaries Not Received in Evidence | Ninth Circuit Model, Civil | 93 |
| 2.15 | Charts and Summaries Received in Evidence | Ninth Circuit Model, Civil Ninth Circuit Model, Civil | 94 |
| 3.1 | Duty to Deliberate | Ninth Circuit Model, Civil | 95 |
| 3.2 | Consideration of Evidence—Conduct of the Jury | Ninth Circuit Model, Civil | 96 |
| 3.3 | Communication with Court | Ninth Circuit Model, Civil | 98 |
| 3.4 | Readback or Playback | Ninth Circuit Model, Civil | 99 |
| 3.5 | Return of Verdict | Ninth Circuit Model, Civil | 100 |
| 4.1 | Corporations and Partnerships- Fair Treatment | Ninth Circuit Model, Civil | 101 |

7

19326418v1

*[Plaintiffs Proposal]*

## Jury Instruction Number 1

**Failure to Promptly Repurchase of Replace New Motor Vehicle After Reasonable Number of Repair Opportunities – Essential Factual Elements**

Plaintiffs claim that BMW NA failed to promptly repurchase or replace a BMW 650i after a reasonable number of repair opportunities. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs leased a BMW 650i distributed by BMW NA;

2. That BMW NA gave Plaintiffs a written warranty that;

3. That the vehicle had a defect that was covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Plaintiffs' situation;

4. That Plaintiffs delivered the vehicle to BMW NA or its authorized repair facility for repair of the defect;

5. That BMW NA or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That BMW NA did not promptly replace or buy back the vehicle.

It is not necessary for Plaintiffs to prove the cause of a defect in the BMW 650i.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 1*

Plaintiffs' proposed instruction is identical to CACI 3201.  Defendant's proposed instruction is an incorrect and incomplete statement of the law.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

*Defendant's Objection to Plaintiff's Jury Instruction No. 1*

Just because CACI failed to recognize the difference between "defect" and "nonconformity" does not mean that its form instructions are correct.  In the past, CACI's forms have been found objectionable.   See  e.g. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214 (finding Judicial Council's form interrogatory asking for attorney witness interviews as being objectionable on work product grounds).

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

## Jury Instruction Number 1
### Essential Elements

Plaintiffs claim that BMW NA failed to promptly repurchase or replace a 2014 BMW 650i.   To establish this claim, Plaintiffs must prove all of the following:

1.    That Plaintiffs leased a 2014 BMW 650i distributed by BMW NA;

2.    That BMW NA gave Plaintiffs a written warranty;

3.    That the vehicle had a nonconformity or nonconformities covered by the warranty that substantially impaired its use, value, or safety to a reasonable person in Plaintiffs' situation;

4.    That Plaintiffs delivered the vehicle to BMW NA or its authorized repair facilities for repair of the nonconformity or nonconformities;

5.    That BMW NA or its authorized repair facility failed to repair the vehicle to repair the substantially impairing nonconformity or nonconformities after a reasonable number of opportunities to do so; and

6.    That BMW NA did not promptly replace or buy back the vehicle.

It is not necessary for Plaintiffs to prove the cause of any nonconformity or nonconformities in their vehicle.   It is necessary for Plaintiffs to prove that the alleged nonconformity or nonconformities were covered by the written warranty accompanying the vehicle at time of lease.

10

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 1*

This instruction is based on the California Civil Jury Instructions published by the Judicial Council of California ("CACI"), instruction number 3201. Defendant has substituted "nonconformity" for "defect" because Civil Code Section 1793.2(d) and 1793.22(e)(1), only obligate a manufacturer to repurchase for a nonconformity which substantially impairs the use, value or safety of the vehicle. Of critical importance, ever since the passage of the Tanner Act in 1982, Song Beverly has required "substantial impairment" before repurchase could be mandated under Civil Code Section 1793.2(d)(2). This was made abundantly clear by the California Supreme Court in <u>Johnson v. Ford Motor Company</u> (Cal. 2005) 35 Cal.4th 1191. There, the Court stated as follows:

> "Even a vehicle with a defect is not necessarily a lemon. A 'nonconformity' requiring the vehicle's refund or replacement under our law must 'substantially impair the use, value or safety of the new vehicle.' (§1793.22, subd. (e)(1).) Not every customer complaint about a new car, or even every valid customer complaint, rises to that level. And customers and manufacturers frequently disagree whether a defect has been repaired or a reasonable number of repair attempts have been made."

<u>Id</u>. at 1211.

<u>Johnson</u> makes clear that judges and jurors must look at individual nonconformities, whether they have been repaired, and whether those individual "substantially impair use, value or safety," before liability can attach. Furthermore, it is not the cumulative number of days down for one time repairs of minor defects that triggers liability.

In addition, Civil Code Section 1794.3 says there is no liability for any "defect" or "nonconformity" caused by unreasonable or unauthorized use. The only explanation is that failure to repair a "substantially impairing

---

11

19326418v1

1   nonconformity" is the standard for liability under Civil Code Section 1793.2(d)(2)

2   and "defect" rendering the vehicle unfit for its ordinary purpose is the standard for

3   breach of implied warranty under Civil Code Section 1791.1.

4         The last sentence is an optional inclusion in CACI 3201.  (CACI No. 3201,

5   "Directions for Use" for CACI No. 3201).  Even though Plaintiff does not have the

6   burden of proving the cause of any alleged nonconformity, BMW NA submits that

7   Plaintiffs still bears the burden of proving there is a nonconformity in the vehicle

8   that was covered by BMW NA's warranty.  <u>Oregel v. American Isuzu Motors, Inc.</u>,

9   90 Cal.App.4th 1094, 1101 (2001).  Conformity to BMW NA's express warranty

10   means that plaintiff has the burden of proving that there is some component in the

11   subject vehicle that is defective in either factory supplied materials or

12   workmanship.

13         The "Directions for Use" following CACI 3201 state: "Include the

14   bracketed sentence preceding the final bracketed paragraph if appropriate to the

15   facts."  The optional instruction is not appropriate to the facts of this case.  In

16   <u>Oregel</u>, <u>supra</u>, there was no dispute over two critical facts: (1) that the subject

17   vehicle persistently leaked oil, and more importantly, (2) that a new car that

18   persistently leaked oil did not conform to Isuzu's express warranty.  Against these

19   facts, Isuzu still took the position in <u>Oregel</u> that the plaintiff needed to prove the

20   cause of the leak with expert testimony.  <u>Oregel</u>, 90 Cal.App.4th at 1102.  The

21   Court responded, "It is within the realm of common knowledge that a new car with

22   an irremediable oil leak does not conform to its warranty, and no expert testimony

23   is necessary to establish this proposition."  <u>Id</u>.

24         Our case is distinguishable from <u>Oregel</u>.  Specifically, some of Plaintiffs'

25   complaints were normal operation and/or maintenance and so explained to

26   Plaintiffs.  For instance, on December 19, 2015, the care was misfiring due to the

27   fuel tank being driven to completely empty.  On September 8, 2016, the front

28

brakes were squeaking due to the pads being low.  That same day the steering wheel shook as a result of the pads being low and the rotors being worn.  If an instruction is given that Plaintiffs need not prove the cause of any alleged nonconformity, an instruction should also be given that Plaintiffs still need to prove the alleged nonconformity was a warrantable item.

13

19326418v1

*[Plaintiffs' Proposal]*

**Jury Instruction Number 2**
**"Repair Opportunities" Explained**

Each time the BMW 650i was given to BMW NA or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether BMW NA had a reasonable number of opportunities to fix the BMW 650i, you should consider all the circumstances surrounding each repair visit. BMW NA or its authorized repair facility must have been given at least two opportunities to fix the BMW 650i unless only one repair attempt was possible because the BMW 650i was later destroyed or because BMW NA or its authorized repair facility refused to attempt the repair.

14

19326418v1

1   *Plaintiffs' Statement in Support of Jury Instruction Number 2*

2

3       Plaintiffs' proposed instruction is identical to CACI 3202.   Defendant's

4   proposed instruction is an incorrect and incomplete statement of the law.   If

5   Defendant's proposed instruction is provided to the jury, there is a reasonable

6   likelihood that the jury will misunderstand and misapply the instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

[*Defendant's Proposal*]

**Jury Instruction Number 2**

**"Repair Opportunities" Explained** *(special instruction)*

Each time the 2014 BMW 650i was given to BMW NA's authorized repair facility for repair counts as an opportunity to repair, even if it did not do any repair work.

In determining whether Defendant's authorized repair facilities had a reasonable number of repair opportunities to repair each alleged nonconformity, you should consider all the circumstances surrounding each repair visit.  The following factors can be considered by you: the nature of the complaint and the frequency of its occurrence, the Defendant's ability to duplicate or verify the complaint, the corrective action taken, the time it takes to monitor the vehicle for the concern, and the reasonableness of the Defendant's efforts.

Ordinary maintenance and opportunities to repair complaints that are not covered by warranty or aftermarket accessories do not count towards your calculation of a reasonable number of repair opportunities.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1

2

*Defendant's Statement in Support of Jury Instruction Number 2*

3       This is taken from CACI 3202 changing defect to nonconformity as

4   explained before.  In addition, BMW NA has deleted the sentence which states

5   "BMW NA or its authorized repair facilities must have been given at least two

6   opportunities to fix Plaintiffs' 2014 BMW 650i."

7       In addition to the nonconformity language, the changes here are offered for

8   two reasons.

9       First, in <u>Silvio v. Ford Motor Company</u>, 109 Cal.App.4th 1205, 1208 (2003)

10   the Court of Appeal expressly held that Song-Beverly Act liability is only

11   triggered when more than one repair attempt is made for the same alleged non-

12   conformity.  The <u>Silvio</u> Court found against the appellants because "they did not

13   give Ford two opportunities to fix <u>any problem</u>."   <u>Silvio</u>, <u>supra</u>, at 1209.

14   (Emphasis added).  By the use of the phrase "any problem," the Court of Appeal

15   made it clear to look at specific defects individually, and not in the aggregate for

16   liability.

17       In <u>Mega RV Corporation v. HWH Corporation</u>, 225 Cal.App.4th 1318,

18   1333 (2014), the court that "[t]he Act 'was enacted to address difficulties faced by

19   consumers in enforcing express warranties. Consumers frequently were frustrated

20   by the inconvenience of having to return goods to the manufacturer for repairs and

21   by repeated unsuccessful attempts to remedy **the problem** . ... ' ... "  (Emphasis

22   added.) This language further indicates that the Act was enacted because of

23   repeated attempts to remedy-a-repeating problem.

24       In <u>Duale v. Mercedes-Benz USA, LLC</u>, 148 Cal.App.4th 718, 721 fn. 1

25   (2007), citing <u>Murillo v. Fleetwood Enterprises. Inc.</u>,17 Cal.4th 985, 989-990

26   (1998), the court wrote:

27       The Song-Beverly Act" 'regulates  warranty  terms,  imposes  service

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclose of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties'" and" 'gives recourse to the buyer of a new automobile that suffers from the **same defect repeatedly**, or is out of service for cumulative repairs for an extended period.'"

(Internal citations and brackets omitted. Emphasis added.)

Set forth in Section 1793.22, the Tanner Consumer Protection Act are certain presumptions that may be relied upon by the buyer in connection with an express warranty claim. Included there is an aggregate test if the vehicle is out of service for a cumulative total of more than 30 calendar days. The Legislature would not have needed to add this provision in 1992 if the Song-Beverly Act provided an aggregate test.

Further, if only two repair attempts were required for the vehicle in the aggregate, the presumption would be superfluous.

Finally, BMW NA does not want the sentence which says it must be provided at least two repair opportunities. In the past, consumer counsel have argued in misleading fashion that only two repair attempts are required for a vehicle to qualify, therefore, if there are three repair attempts or more, the vehicle has had an unreasonable number of repair opportunities, regardless of the circumstances. BMW NA submits that this sentence should simply be deleted.

18

19326418v1

[*Plaintiffs' Proposal*]


### **Jury Instruction Number 3**
### **"Substantially Impaired" Explained**


In deciding whether a reasonable person would believe that the vehicle's defect, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a) The nature of the defect;

(b) The cost and length of time required for repair;

(c) Whether past repair attempts have been successful;

(d) The degree to which the vehicle could be used while awaiting repair; and

(e) The availability and cost of comparable transportation during the repairs.

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 3*

Plaintiffs' proposed instruction is identical to CACI 3204.   Defendant's proposed instruction is an incorrect statement of the law.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

**Jury Instruction Number 3**
**"Substantially Impaired" Explained**

In deciding whether a reasonable person would believe that the vehicle's nonconformity or nonconformities, if any, substantially impaired the vehicle's use, value, or safety, you should consider, among other factors, the following:

(a)     The nature and frequency of the nonconformity or nonconformities;

(b)     The cost and length of time required for repair;

(c)     Whether past repair attempts have been successful;

(d)     The degree to which the vehicle could be used while awaiting repair;

(e)     The availability and cost of alternative transportation during the repairs;

(f)     The effect of the concern upon fair market value;

(g)     Whether Plaintiffs' neglected to maintain the vehicle; and

(e)     Whether Plaintiffs' misused or abused the vehicle.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1

*Defendant's Statement in Support of Jury Instruction Number 3*

2      This taken from CACI 3204 changing defect to nonconformity as explained

3  before.  CACI 3204, paragraph (f), also, allows the parties to insert other

4  appropriate factors in explaining substantial impairment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1
2

*[Plaintiffs' Proposal]*

3
**<u>Jury Instruction Number 4</u>**

4
**Breach of Implied Warranty of Merchantability- Essential Factual Elements**

5
6       Plaintiffs claim that the BMW 650i did not have the quality that a buyer

7   would reasonably expect. This is known as "breach of an implied warranty." To

8   establish this claim, Plaintiffs must prove all of the following:

9
10      1. That Plaintiffs leased a BMW 650i distributed by BMW NA;

11
12      2. That at the time of purchase BMW NA was in the business of leasing

13          BMW 650is to retail lessees; and

14
15      3. That the BMW 650i was not of the same quality as those generally

16          acceptable in the trade or was not fit for the ordinary purposes for which

17          the goods are used.

18
19
20
21
22
23
24
25
26
27
28

23

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 4*

Plaintiffs' proposed instruction is identical to CACI 3210.   Defendant's proposed instruction is an incorrect and incomplete statement of the law.   If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

*Objection to Plaintiff's Jury Instruction Number 4*

Plaintiff's proposed instruction does not provide a remedy for breach of implied  warranty this is an incomplete statement of the law.

24

JOINT LIST OF PROPOSED JURY INSTRUCTIONS

2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

### Jury Instruction Number 4
### Breach of Implied Warranty of Merchantability

Plaintiffs claim that the 2014 BMW 650i did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty." To establish this claim, plaintiffs must prove all of the following:

1.  That plaintiff leased a 2014 BMW 650i distributed by Defendant

2.  That at the time of plaintiffs' lease of a 2014 BMW 650i, Defendant was in the business of distributing 2014 BMW 650is for sale to retail buyers;

3.  That the 2014 BMW 650i had a defect at the time of sale which rendered it unfit for the ordinary purpose of providing transportation during the first year;

4.  That Plaintiffs took reasonable steps to notify BMW North America that the 2014 BMW 650i did not have the expected quality;

5.  That Plaintiffs were harmed; and

6.  That the failure of the 2014 BMW 650i to have the expected quality was a substantial factor in causing Plaintiffs' harm.

25

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 4*

This is taken from CACI 3210, changing the nature of Defendant's role with respect to the 2014 BMW 650i from manufacturer to distributor because Defendant distributed and did not manufacture the 2014 BMW 650i.  Defendant has also substituted prong three of the model instruction with language taken directly from American Suzuki Motor Corp. v. Superior Court (1995) 37 Cal. App. 4th 1291 and Brand v. Hyundai Motor America (2015) 226 Cal. App. 4th 1538, which interpreting the meaning of "ordinary purpose" for consumer goods.

In America Suzuki, the Court held "[u]nlike express warranties, which are basically contractual in nature, the implied warranty of merchantability arises by operation of law. [Citation.] It does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.' American Suzuki, supra, 37 Cal.App.4th at pp. 1295-1296.

In Brand, the Court held "a core test of merchantability is fitness for the ordinary purpose for which such goods are used. [Citations.] Such fitness is shown if the product is in safe condition and substantially free of defects [Citation.] Thus, a new car need not be perfect in every detail; rather, its implied merchantability requires only that a vehicle be reasonably suited for ordinary use." Brand v. Hyundai Motor America (2015) 226 Cal. App. 4th 1538, 1546, internal quotations and citations omitted.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*[Plaintiffs' Proposal]*

### Jury Instruction Number 5
### Duration of Implied Warranty

An implied warranty is in effect for one year after the lease of the BMW 650i, unless a shorter period is stated in a writing that comes with the BMW 650i, provided that the shorter period is reasonable. In no event will an implied warranty be in effect for less than 60 days.

The time period of an implied warranty is lengthened by the number of days that the BMW 650i was made available by Plaintiffs for repairs under the warranty, including any delays caused by circumstances beyond Plaintiffs' control.

27

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 5*

Plaintiffs' proposed instruction is identical to CACI 3212.   Defendant's proposed instruction is an incorrect and incomplete statement of the law.   If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

28

19326418v1

[*Defendant's Proposal*]

**Jury Instruction Number 5**

**Duration of Implied Warranty**

An implied warranty is in effect for one year after the lease of the 2014 BMW 650i unless a shorter period is stated in a writing that comes with the 2014 BMW 650i provided that the shorter period is reasonable.

The time period of an implied warranty is lengthened by the number of days that the 2014 BMW 650i was made available by Plaintiffs' for repairs under the warranty, including any delays caused by circumstances beyond Plaintiffs' control.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1    *Defendant's Statement in Support of Jury Instruction Number 5*

2        This is taken from CACI 3212.   In pertinent part, Civil Code section

3    1791.1(c) states:

4        "The duration of the implied warranty of merchantability . . . with
     respect to used consumer goods sold in this state, where the sale

5        accompanies the consumer good, provided the duration of the express

6        warranty is reasonable, but in no event shall such implied warranty
     have a duration of less than 60 days nor for more than one year

7        following the sale of new consumer goods to a retail buyer. "

8        The jury instruction for the duration of the implied warranty should

9    therefore reflect the fact the implied warranty applicable to plaintiff's 2014 BMW

10   650i is only one year.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS

2:17-cv-6714 SVW

19326418v1

*[Plaintiffs' Proposal]*

## Jury Instruction Number 6
### Restitution from Manufacturer -- New Motor Vehicle

If you decide that BMW NA or its authorized repair facility failed to repair the defect after a reasonable number of opportunities, then Plaintiffs are entitled to recover the amounts they prove they paid for the car, including:

1. The amount paid to date for the vehicle, including finance charges and any amount still owed by Plaintiffs;

2. Charges for transportation and manufacturer-installed options; and

3. Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than BMW NA.

Plaintiffs' recovery must be reduced by the value of the use of the vehicle before it was brought in for repair. BMW NA must prove how many miles the vehicle was driven between the time when Plaintiffs took possession of the vehicle and the time when Plaintiffs first delivered it to BMW NA or its authorized repair facility to fix the defect.

Multiply this mileage number by the purchase price, including any charges for transportation and manufacturer-installed options, and divide that amount by 120,000. Deduct the resulting amount from Plaintiffs' recovery.

31

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1

2

*Plaintiffs' Statement in Support of Jury Instruction Number 6*

3    Plaintiffs' proposed instruction is identical to CACI 3241.   Defendant's

4  proposed instruction is an incorrect and incomplete statement of the law.   If

5  Defendant's proposed instruction is provided to the jury, there is a reasonable

6  likelihood that the jury will misunderstand and misapply the instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*[Defendant's Proposal]*

**Jury Instruction Number 6**

**Restitution from Manufacturer – New Motor Vehicle**

If you decide that BMW NA or its authorized repair facilities failed to repair the nonconformity or nonconformities after a reasonable number of opportunities, then Plaintiffs are entitled to recover the amounts they paid for the car, including:

1.   The amount paid to date for the vehicle, including finance charges;

2.   Charges for transportation and manufacturer-installed options; and

3.   Sales tax, license fees, modified registration fees, and other official fees.

In determining the amount paid, do not include any charges for items supplied by someone other than BMW NA.

Plaintiffs' recovery must be reduced by the value of the use of the vehicle before it was submitted for repair for the first substantially impairing defect.

33

19326418v1

1

*Defendant's Statement in Support of Jury Instruction Number 6*

2

3      This is taken from CACI 3204 modified pursuant to the recent decisions of

4 <u>Kirzhner v. Mercedes-Benz USA, LLC</u> (2017) 18 Cal.App.5th 453, review granted

5 Nov. 27, 2017, No. G252551, wherein the Court of Appeal held that consumers

6 may only recover the cost of the first year's registration under 1793.2(d)(2)(B).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

### Jury Instruction Number 7

**Incidental Damages**

Plaintiffs also claim additional reasonable expenses for incidental damages according to proof at trial.

To recover these expenses, Plaintiffs must prove all of the following:

1. That the expense was actually charged;

2. That the expense was reasonable; and

3. That BMW North America's breach of warranty was a substantial factor in causing the expense.

35

19326418v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Jury Instruction Number 8

### Consequential Damages

Plaintiffs also claim additional reasonable expenses for consequential damages according to proof at trial.

To recover these expenses, Plaintiffs must prove all of the following:

1.     That BMW NA's failure to repurchase the 2014 BMW 650i was a substantial factor in causing damage to Plaintiffs;

2.     That the damages resulted from Plaintiffs' requirements and needs;

3.     That BMW North America had reason to know of those requirements and needs at the time of sale;

4.     That Plaintiffs could not reasonably have prevented the damages; and

3.     The amount of damages.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Plaintiffs' Proposal*]

### **Jury Instruction Number 9**
### **Civil Penalty -- Willful Violation**

Plaintiffs claim that BMW NA's failure to repurchase or replace the vehicle after a reasonable number of repair opportunities was willful and therefore asks that you impose a civil penalty against BMW NA. A civil penalty is an award of money in addition to a plaintiff's damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If Plaintiffs have proved that BMW NA's failure was willful, you may impose a civil penalty against it. "Willful" means that BMW NA knew what it was doing and intended to do it. However, you may not impose a civil penalty if you find that BMW NA believed reasonably and in good faith that it was not obligated to repurchase the vehicle.

The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Plaintiffs' actual damages.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 9*

Plaintiffs' proposed instruction is identical to CACI 3244.  Defendant's proposed instruction is an incorrect and incomplete statement of the law.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

*Defendant's Objections to Jury Instruction Number 9*

Plaintiffs' proposed instruction is not identical to CACI 3244.  CACI 3244 allows Defendant to insert facts that would negate a statutory obligation to repurchase.   If the Court is inclined to accept Defendant's version of Instruction No. 9, Defendant proposes that the second paragraph reads as follows:

"If Plaintiffs have proved that BMW NA's failure was willful, you may impose a civil penalty against it. "Willful" means that BMW NA knew what it was doing and intended to do it. However, you may not impose a civil penalty if you find that BMW NA believed reasonably and in good faith that Plaintiffs misused or abused the vehicle, that Plaintiffs neglected to maintain the vehicle, that no nonconformity substantially impaired that use, safety, or value of the vehicle, or that the vehicle was repaired or the substantially impairing nonconformity or nonconformities were repaired after a reasonable number of opportunities."

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

## Jury Instruction Number 9

### Civil Penalty – Willful Violation (Civ. Code, § 1794)

Plaintiffs claim that BMW NA's failure to repurchase the 2014 BMW 650i was willful and therefore asks that you impose a civil penalty against it.  A civil penalty is an award of money in addition to a plaintiff's damages.  The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If Plaintiffs have proved that BMW NA's failure was willful, you may impose a civil penalty against it.

If you find that BMW NA believed reasonably and in good faith that the facts imposing an obligation to replace or refund were not present in this case, then the failure to replace the vehicle or refund the purchase price was not willful and you may not impose a civil penalty.  A sincere and reasonable difference of factual evaluation is not a willful violation.  This might be the case, for example, if BMW NA reasonably believed that the vehicle did conform to the warranty, or that the problems were not substantial, or that it had not been given a reasonable number of repair attempts, or that the vehicle was repaired after a reasonable number of repair attempts.

The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Plaintiffs' actual damages.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 9*

1.      Defendant includes this instruction as an alternative to CACI 3244. Specifically, it further clarifies that civil penalty cannot be awarded if the manufacturer reasonably believed the facts imposing the statutory obligation were not present. If this alternative instruction is rejected, Defendants request the unmodified version of CACI 3244.

2.      The Court of Appeal in <u>Kwan v. Mercedes-Benz of North America</u> (1994) 23 Cal.App.4th 174, 184, discussed when imposition of a civil penalty is appropriate under Civil Code section 1794(c) and held

> "A violation is not willful is the defendant's failure to replace or refund was the result of a good faith and reasonable belief the facts imposing the statutory obligation were not present.  This might be the case, for example, if the manufacturer reasonably believed the product did not conform to the warranty, or a reasonable number of repair attempts had not been made, or the buyer desired further repair rather than replacement or refund.
> Our interpretation of section 1794(c) is consistent with the general policy against imposing forfeitures or penalties against parties for their good faith, reasonable actions.  Unlike a standard requiring the plaintiff to prove the defendant actually knew of its obligation to refund or replace, which would allow manufacturers to escape the penalty by deliberately remaining ignorant of the facts, the interpretation we espouse will not vitiate the intended deterrent effect of the penalty. And unlike a simple equation of willfulness with volition, which would render 'willful' virtually all cases of refusal to replace or refund, our interpretation preserves the Act's distinction between willful and nonwillful violations."

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## **<u>Jury Instruction Number 10</u>**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

41

19326418v1

*[Plaintiffs' Proposal]*

### Jury Instruction Number 11

**Failure to Begin Repairs Within Reasonable Time or to Complete Repairs Within 30 Days—Essential Factual Elements (Civ. Code, § 1793.2(b))**

Plaintiffs claims that they were harmed because BMW NA failed to repair the BMW 650i within 30 days. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs leased a BMW 650i distributed by BMW NA;

2. That BMW NA gave Plaintiffs a written warranty;

3. That the BMW 650i had a defect that was covered by the warranty;

4. That BMW NA or its authorized repair facility failed to complete repairs within 30 days so as to conform to the applicable warranties.

42

1    *Plaintiffs' Statement in Support of Jury Instruction Number 11*

2    Plaintiffs' proposed instruction is identical to CACI 3205.

3

4    *Defendant's Statement in Opposition to Jury Instruction Number 11*

5    First, there was no repair in this case that took more than 30 days, therefore

6    this jury instruction is superfluous and does not apply. Second, the instruction

7    gives the misleading impression that BMW NA's repair facilities are given an

8    aggregate 30 days total to repair any concerns that arise during the warranty

9    period. There is no support for plaintiff's position in the directions for use of this

10   instruction.

11   First and foremost, the 30-day requirement cited by plaintiff is contained

12   within Civil Code § 1793.2, which applies to consumer goods. The more specific,

13   and controlling code section is Civil Code § 1793.22, which deals with motor

14   vehicles. Plaintiff is attempting to impose repair time limits on a BMW; Civil

15   Code § 1793.22 is expressly designed to address the unique circumstances

16   applicable to automobiles, machines far more complex and potentially dangerous

17   than an alarm clock.

18   Plaintiff's proposed instruction would make an end run around the

19   rebuttable presumption set forth in Civil Code § 1793.22 which provides in

20   subsection (b)(2) that a reasonable number of repair attempts have been made if

21   the vehicle has been out of service for a cumulative total of 30 days during the

22   first 18 months or 18,000 miles. To assert the presumption, the plaintiff must first

23   directly notify the manufacturer and go through a qualified third-party dispute

24   resolution process, if applicable. This presumption would be meaningless, as

25   would the steps required to assert it, if any plaintiff can use CACI No. 3205 when

26   a motor vehicle has been out a cumulative total of 30 days no matter how old the

27   vehicle or during what time frame. Further, section 1793.22 specifically provides

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

for a rebuttable presumption where CACI No. 3205 does not.

Indeed, plaintiff's interpretation would lead to absurd results. As noted above, concerns repaired in only one attempt do not count towards a violation of the statute. Silvio, supra, at 1208. If plaintiff were to have presented one air conditioner concern which took 15 days to repair, and an unrelated suspension repair which took 14 days to repair, then the vehicle would be automatically deemed a lemon when plaintiff showed up for a minor cupholder repair that took 2 days to address.

If the manufacturer were provided a single 30-day allowance to address *all* possible concerns under warranty (instead of any individual repair or presumption period), it would defeat the purpose of the statute; to ensure vehicles are safely and properly repaired. Dealerships would be encouraged to rush diagnoses and repairs to avoid eating too many days off of their allowance. Such an interpretation would actually hurt consumers, as manufacturers would be incentivized to provide the shortest possible warranty, knowing their dealers had only 30 days to ration out.

Moreover, as noted above, CACI 3204 sets forth a number of factors for determining the reasonableness of repairs. If plaintiff were simply able to prevail once 30 days were used up on the vehicle, those factors would be rendered meaningless.

Ultimately, California Civil Code, Section 1793.2(b) merely states that "goods shall be serviced or repaired to as to conform to the applicable warranties within 30 days." The plain meaning of this provision is that no individual repair visit may last more than 30 days without the customer's consent, or without some occurrence beyond the manufacturer's control which delays the repairs. It does not support plaintiff's inference that the manufacturer only has a 30-day total

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

allowance for motor vehicle repairs under warranty, otherwise why have a presumption period.   Accordingly, BMW NA contends the use of this jury instruction is not appropriate.

45

*[Plaintiffs' Proposal]*

### **Jury Instruction Number 12**

**Continued Reasonable Use Permitted**

The fact that Plaintiffs continued to use the BMW 650i after delivering it for repair does not waive their right to demand replacement or reimbursement. Nor does it reduce the amount of damages that you should award to Plaintiffs if you find that they have proved their claim against BMW NA.

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 12*

Plaintiffs' proposed instruction is identical to CACI 3230.

*Defendant's Proposal:*

In making your determination whether the use, value or safety of the vehicle was substantially impaired, you may consider Plaintiffs' continued use of the vehicle, during the express warranty period, after they gave notice to BMA NA or its authorized repair representatives that the vehicle was defective.

47

19326418v1

*[Plaintiffs' Proposal]*

### Jury Instruction Number 13

### Continuation of Express or Implied Warranty During Repairs (Civ. Code, § 1795.6)

Regardless of what the warranty says, if a defect exists within the warranty period and the BMW 650i has been returned for repairs, the warranty will not expire until the defect has been fixed. Plaintiffs must have notified BMW NA of the failure of the repairs within 60 days after they were completed. The warranty period will also be extended for the amount of time that the warranty repairs have not been performed because of delays caused by circumstances beyond the control of Plaintiffs.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1    *Plaintiffs' Statement in Support of Jury Instruction Number 13*

2    Plaintiffs' proposed instruction is identical to CACI 3230.

3    Regardless of what the warranty says, if a defect exists within the warranty

4    period and the BMW 650i has been returned for repairs, the warranty will not

5    expire until the defect has been fixed.  Plaintiffs must have notified BMW NA of

6    the failure of the repairs within 60 days after they were completed. The warranty

7    period will also be extended for the amount of time that the warranty repairs have

8    not been performed because of delays caused by circumstances beyond the control

9    of Plaintiffs.

10

11   *Defendant's Statement in Opposition to Jury Instruction Number 13*

12

13   Plaintiff's proposed instruction is irrelevant to the facts of this case because

14   the vehicle was surrendered before the express warranty expired.  If Defendant's

15   proposed instruction is provided to the jury, there is a reasonable likelihood that

16   the jury will misunderstand and misapply the instruction.

17

18

19

20

21

22

23

24

25

26

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*[Plaintiffs' Proposal]*

## **Jury Instruction Number 14**
### **Manufacturer's Duty to Offer Repurchase or Replacement**

BMW NA has an affirmative duty to promptly offer a repurchase or replacement for a vehicle if it is unable to repair the vehicle within a reasonable number of repair attempts.  Plaintiffs have no obligation to request BMW NA repurchase or replace their vehicle.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1 | *Plaintiffs' Statement in Support of Jury Instruction Number 14*

2 | California Civil Code section 1793.2(d)(2) requires manufacturers to

3 | "promptly replace the new motor vehicle . . . or promptly make restitution to the

4 | buyer" when it is "unable to service or repair a new motor vehicle . . . to conform

5 | to the applicable express warranties after a reasonable number of attempts."

6 | The Song-Beverly Act "does not *require* consumers to take any affirmative steps

7 | to secure relief for the failure of a manufacturer to service or repair a vehicle to

8 | conform to applicable warranties—other than, of course, permitting the

9 | manufacturer   a reasonable opportunity to repair the vehicle." <u>Lukather v.</u>

10 | <u>General Motors, LLC</u>, 181 Cal. App. 4th 1041, 1050.  In fact, "[t]he manufacturer

11 | has an affirmative duty to replace a vehicle or make restitution to the buyer if the

12 | manufacturer is unable to repair the new vehicle after a reasonable number of

13 | repair attempts, and the buyer need not reject or revoke acceptance of the vehicle

14 | at any time.  The buyer need only provide the manufacturer with a reasonable

15 | opportunity to fix the vehicle. <u>Krotin v. Porsche Cars North America, Inc.</u> (1995)

16 | 38 Cal.App.4th 294, 303.)

17 |

18 | *Defendant's Statement in Opposition to Jury Instruction Number 14*

19 | Plaintiff's proposed instruction is misleading.

20 | In <u>Kwan v. Mercedes-Benz of North America</u> (1994) 23 Cal.App.4th 174,

21 | 185, the Court noted one factor to consider in determining whether there had been

22 | a willful violation was the manufacturer's understanding whether the consumer

23 | had a desire for repurchase, or simply further repair, in the consumer's

24 | communications with the manufacturer.   The court in <u>Kwan</u>, defined the term

25 | "willful" as follows:

26 |

27 | "[A] violation [of the Act] is not willful if the defendant's failure to
replace or refund was the result of a good faith and reasonable belief

28 |

51

the facts imposing the statutory obligation were not present…."  This might be the case, for example if the manufacturer reasonably believed the product did conform to the warranty, or a reasonable number of repair attempts had not been made, or the buyer desired further repair rather than replacement or refund."

Id. at 185.

Clearly, in cases where a consumer makes visits for different concerns, spread months and thousands of miles apart, without ever escalating to the service manager and/or the distributor, and the vehicle does not meet the statutory presumption, there is no basis, as a matter of law, to argue that a manufacturer knew or should have known that the customer desired repurchase rather than further repair.  The Kwan case is directly on point.  Accomplishing a buyback or offering restitution takes time and effort.  Absent communication from plaintiffs, it is literally impossible for BMW NA to read plaintiffs' mind.  Plaintiffs' return visits reasonably infer plaintiffs was always desirous of further repair.  Kwan stands for the proposition that plaintiffs' counsel should not be allowed to argue Plaintiffs' could be liable for a willful violation even before it received and rejected plaintiffs' compensation request.

To the extent that plaintiffs rely on Krotin v. Porsche Cars North America (1995) 38 Cal.App.4th 294 and Lukather v. General Motors (2010) 181 Cal. App. 4th 1041 to argue that BMW NA has an affirmative duty to repurchase even without a request, these cases are distinguishable.  Respectfully, they also fly in the face of the Kwan willfulness definition.  In Krotin, after the automobile lessor repossessed a vehicle and sued lessees for recovery of the vehicle and breach of contract, lessees filed cross-complaint against lessor for breach of express and implied warranty under the Act.  Id. at 298.  The trial court entered judgment for lessor and lessees appealed.  Id.  The pertinent facts of the case were that on

October 3, 1987, the Krotins signed a 60-months lease for a new Porsche.  During the first two months of the lease, the Krotins brought the car into the dealership four times for repair of a cold start problem.  Id.  As time passed, cold start problems continued and other problems developed.  Id.  In May of 1988, the Krotins orally requested a buy back which was rejected by the manufacturer's corporate office.  Id.  In January of 1991, the Krotins again made a written request to the manufacturer requesting repurchase of the vehicle.  Id. at 299.

The only issue on appeal was whether the trial court prejudicially erred in instruction of the jury that the lessee of a vehicle "who justifiably rejects or revokes acceptance of a vehicle must do so within a reasonable time after the lessee discovers the grounds for rejection or revocation."  Id. at 297.  The appellate court found that the Act does not require a formal rejection or revocation within reasonable time to establish a Song Beverly breach of warranty cause of action.  Id. at 300.  The court, in dicta, suggested that the Act created an affirmative duty upon the manufacturer or its representative to provide restitution or replacement when a substantially impairing nonconformity is not repaired after a reasonable number of attempts.  Id. at 302.  However, there was no discussion how this suggestion squared away with the willfulness definition in Kwan.  Furthermore, the discussion was entirely dicta as the consumer in Krotin requested that his vehicle be repurchased several times orally and in a formal letter.

In Lukather v. General Motors (2010) 181 Cal. App. 4th 1041, the principal contested issues were whether the evidence was sufficient to find that GM violated the Act by failing to promptly to make restitution and that it did so willfully so as to incur a civil penalty.  Id. at 1043.  There, plaintiff leased a new Cadillac in April of 2005.  Id. at 1042.  Within one month, it began to exhibit an intermittent malfunction in the electronic stability control system.  Between 2005 and 2007 Lukather brought the car to the dealer for the same malfunction on more than four

53

occasions. <u>Id</u>. at 1044.  On March 8, 2008, Lukather advised GM's call center that he did not feel safe with the car anymore and that he wanted a repurchase. <u>Id</u>. at 1045. After two months of failed negotiations, Luthaker filed a lawsuit.  In a bench trial, the Court found that GM willfully violated Song Beverly by not promptly offering to repurchase the Cadillac. <u>Id</u>. at 1048.   Importantly, the appellate court pointed out that Lukather unequivocally requested a repurchase rather than replacement.   Once it became clear what Lukather wanted, that communication "<u>trigger[ed] GM's duty to promptly</u> make restitution." <u>Id</u>. at 1050. (emphasis added).

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*[Plaintiffs' Proposal]*

## **Jury Instruction Number 15**
### **Dealership is Authorized Agent of Distributor**

The Song-Beverly Act treats the distributor and its authorized repair facilities in this state as a single entity.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 15*

The Song-Beverly Act treats the distributor and its authorized repair facilities in this state as a single entity.  Ibrahim v. Ford Motor Co. (1989) 214 Cal. App. 3d 878, 888.

*Defendant's Statement in Opposition to Jury Instruction Number 15*

Plaintiffs' instruction is misleading. Pursuant to the Civ. Code 1793.2(a), every manufacturer in this state is to maintain sufficient service and repair facilities to carry out the terms of its warranties.  BMW NA's authorized repair facilities are BMW NA's agents for purposes of performing repairs only, not for receiving lemon law claims or for evaluating them.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

*[Plaintiffs' Proposal]*

## Jury Instruction Number 16

### Delayed Discovery of Breach of Implied Warranty

The implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale. In the case of a latent defect, a product is rendered unmerchantable, and the   warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 16*

"In the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery." (*Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305.)

*Defendant's Statement in Opposition to Jury Instruction Number 16*

The mere fact that a defect occurs after the warranty expires does not automatically implicate latency. In <u>Clemens v. DaimlerChrysler Corp.</u> 534 F.3d 1017 (9th Cir. 2008), plaintiff claimed a Song-Beverly violation, though all of his repairs occurred after his warranty expired. <u>Clemens</u>, <u>supra</u>, at 1021-1022. In analyzing this history, the 9th Circuit noted that:

> "Every manufactured item is defective at the time of sale in the sense that it will not last forever; the flip-side of this original sin is the product's useful life. If a manufacturer determines that useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires. The product has performed as expressly warranted. Claims regarding other buyer expectations and the manufacturer's state of mind properly sound in fraud and implied warranty."

<u>Id</u>. at 1023.

<u>Clemens</u> further noted that plaintiff did not have vertical privity with the manufacturer or distributor to assert an implied warranty claim. <u>Id</u>.

More recently, <u>Titesworth v. Sears, Roebuck & Co.</u>, 720 F.Supp.2d 1123, 1141 (N.D.Cal. 2010), rejected plaintiffs' argument that California law permits express warranty claims based on latent product defect even when the applicable warranty period expired, observing, "if such a claim based upon 'latent defects' in products that are governed by an express warranty was recognized, it would

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

'eviscerate any limitations put in place by an express warranty.'"   (Citations omitted.)   Further, "'The mere manifestation of a defect by itself does not constitute a breach of the implied warranty of merchantability.  Instead, there must be a fundamental defect that renders the product unfit for its ordinary purpose.'"  Id. at 1142.  (Citations omitted.)  In the case of automobiles, the ordinary purpose is providing transportation.  American Suzuki v. Superior Court, 37 Cal.App.4th 1291, 1295, 44 Cal.Rptr.2d 526 (1995).   Tietsworth continued that under California law, the duration of an implied warranty of merchantability is one year.  Id. at 1142.

Plaintiffs rely exclusively on Mexia v. Rinker Boat Co., Inc., 174 Cal.App.4th 1297 (2009).  Mexia, however, was decided at the pleading stage where the court was required to assume the factual allegations in the complaint as true.  Further, the court stated that in order to prevail, Mexia still needed to prove that a defect existed at the time of sale.  Plaintiffs cannot rely on speculation and conjecture to prove their case.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*[Plaintiffs' Proposal]*

**Jury Instruction Number 17**

**Willful Failure to Repurchase or Replaced**

A distributor who refuses a refund or replacement on the grounds a reasonable number of repair attempts had not been made, without making any effort to gather the available information on repair history, might well be deemed to have acted willfully. A decision made without the use of reasonably available information germane to that decision is not a reasonable, good faith decision.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Plaintiffs' Statement in Support of Jury Instruction Number 17*

"A manufacturer who refuses a refund or replacement on the ground a reasonable number of repair attempts have not been made, without making any effort to gather the available information on repair history, might well be deemed to act willfully. A decision made without the use of reasonably available information germane to that decision is not a reasonable, good faith decision." (*Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174, 185-86.)

*Defendant's Statement in Opposition to Jury Instruction Number 17*

Defendant's proposed instruction is an incorrect and incomplete statement of the law.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.  Moreover, this instruction is cumulative and superfluous to the willfulness instruction.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

**Jury Instruction Number 18**

**Remedy For Breach of Implied Warranty**

If you find that Plaintiffs have proven a breach of the implied warranty of merchantability, then you must decide what damages, if any, they are entitled to recover. The measure of damages depends on whether Plaintiffs timely revoked acceptance of the vehicle before substantial change in the condition of the vehicle.

To establish timely revocation, Plaintiffs must prove that Plaintiffs provided notice of revocation to BMW North America within a reasonable time after Plaintiffs discovered, or could have discovered, the defect or defects which rendered the vehicle unmerchantable, and before any substantial change in the condition of the vehicle not caused by its own defect or defects.

If you find that Plaintiffs timely revoked acceptance before substantial change in the condition of the vehicle, the measure of damages is the amount paid or payable for the vehicle by Plaintiffs and any incidental damages caused by the breach.

If you find that Plaintiffs did not timely revoke acceptance before substantial change in the condition of the vehicle, the measure of damages is the difference, at the time and place of acceptance, between the fair market value of the 2014 BMW 650i accepted and the fair market value which the 2014 BMW 650i would have had if it had been as warranted.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 18*

CACI 3210 is silent on the remedy.   Assuming plaintiff proved a breach of the implied warranty, her remedy is limited to diminution in value.   This is because Civil Code Section 1791.1(d) provides: "Any buyer of consumer goods injured by a breach of the implied warranty of merchantability ... has the remedies provided in Chapter 6 (commencing with 2601) and Chapter 7 (commencing with Section 2701) of Division 2 of the Commercial Code, and, in any action brought under such provisions, Section 1794 of this chapter shall apply."

Civil Code section 1794, subdivision (a), provides: "Any buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Subdivision (b)(1) of the same statute continues: "Where the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale, Sections 2711, 2712, and 2713 of the Commercial Code shall apply."

The California Uniform Commercial Code does not distinguish between express warranties and implied warranties, with respect to the remedies available for breach of warranty.  It provides the same measures of damage for breach of an express warranty, as for breach of the implied warranty of merchantability.

California Uniform Commercial Code section 2711 provides that when a buyer rightfully rejects or justifiably revokes acceptance of goods, the buyer may cancel and recover specified damages ""in addition to recovering so much of the price as has been paid[.]"  Thus, in the event of a breach of the implied warranty of merchantability, the buyer is entitled to cancel the contract and recover any amounts paid toward the purchase of the goods.  (Civ. Code, § 1791.1, subd. (d), 1794, subds. (a), (b)(1); Cal. U. Com. Code, § 2711.)  (Music Acceptance Corp. v.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

Lofing (1995) 32 Cal.App.4th 610.)  If the buyer has financed her purchase, she can be relieved of any further obligations under the agreement.  (Id. at 622.)  (See also Mocek v. Alfa Leisure, Inc. (2003) 114 Cal.App.4th 402.)

Rejection of goods must be within a reasonable time after their delivery or tender.  It is ineffective unless the buyer seasonably notifies the seller.  (Cal. U. Com. Code, § 2602, subd. (1).) Once goods have been accepted, the buyer may revoke his or her acceptance if the vehicle has a nonconformity that substantially impairs its value to him.  (Cal U. Corn. Code § 2608, subd. (1).)  Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects.  It is not effective until the buyer notifies the seller of it.  (Cal. U. Com. Code, § 2608, subd. (2).)  Plaintiff cannot, therefore, recover the purchase price of the vehicle, based on an alleged breach of the implied warranty of merchantability, because she did not timely or justifiably revoke her acceptance of the vehicle.  (See Cal. U. Com. Code, § 2607, subd. (1)["The buyer must pay at the contract rate for any goods accepted."].)

*Plaintiffs' Statement in Opposition to Jury Instruction Number 18*

Defendant's proposed instruction is an incorrect and incomplete statement of the law.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

[*Defendant's Proposal*]

## Jury Instruction Number 19
### Mere Fact of Repair Attempt Is Not Evidence of Nonconformity

The mere fact that BMW NA authorized service facilities provided service in response to any complaint regarding the 2014 BMW 650i is not evidence that a nonconformity existed in the vehicle.   You are to decide the existence of a nonconformity based upon the totality of the evidence.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1      *Defendant's Statement in Support of Jury Instruction Number 19*

2     <u>Johnson v. Ford Motor Co.</u> (2005) 35 Cal. 4th 1191, 1121.

3

4      *Plaintiffs' Statement in Opposition to Jury Instruction Number 19*

5     Defendant's proposed instruction is an incorrect and incomplete statement

6 of the law.  If Defendant's proposed instruction is provided to the jury, there is a

7 reasonable likelihood that the jury will misunderstand and misapply the

8 instruction.

19326418v1

*[Defendant's Proposal]*

## Jury Instruction Number 20

### Defect Defined

A vehicle with a defect is not necessarily a lemon.  A "nonconformity" requiring the vehicle's refund or replacement under our law must substantially impair the use, value or safety of the new vehicle.  Not every customer complaint about a car, or even every valid customer complaint, rises to that level.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

1

*Defendant's Statement in Support of Jury Instruction Number 20*

2        Defendant has proposed instructions substituting the term "nonconformity"

3    where the CACI instructions used the term "defect."   Should this Court rule in

4    favor of plaintiff using the original CACI "defect" language over BMW NA's

5    objection, BMW NA proposes this instruction.

6        The Song-Beverly Act and <u>Johnson v. Ford Motor Company</u> (2005) 35

7    Cal.4th 1191, draw a distinction between "defect" and "nonconformity."

8    Defendant thus contends that because this court elected to use the term "defect,"

9    an instruction is required to explain that distinction to the jury.  The instruction

10    submitted is based upon the direct quote from the <u>Johnson</u> case below:

11

12        "Even a vehicle with a defect is not necessarily a lemon.  A

13        'nonconformity' requiring the vehicle's refund or replacement under
our law must 'substantially impair the use, value or safety of the new

14        vehicle.' (§1793.22, subd. (e)(1).)  Not every customer complaint

15        about a new car, or even every valid customer complaint, rises to that
level.  And customers and manufacturers frequently disagree whether

16        a defect has been repaired or a reasonable number of repair attempts
have been made."

17

18    <u>Id</u>. at 1211.

19    <u>Johnson</u> makes clear that some concerns, while potentially valid

20    nonconformities, by their nature cannot substantially impair the vehicle's use,

21    value or safety and therefore cannot lead to liability against the distributor.

22

23        *Plaintiffs' Statement in Opposition to Jury Instruction Number 20*

24        The Judicial Counsel's jury instructions use the term "defect."   These

25    instructions have been approved for use in Song Beverly actions.  Defendant's

26    proposed instruction is an incorrect and incomplete statement of the law.  If

27

28

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

69

[*Defendant's Proposal*]

**Jury Instruction Number 22**

**Affirmative Defense – Unauthorized or Unreasonable Use**

BMW NA is not responsible for any harm to Plaintiffs if BMW NA proves that the nonconformity or defect for which Plaintiffs seek recovery was caused by unauthorized or unreasonable use of the 2014 BMW 650i after it was sold.

70

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 22*

This instruction is based on the California Civil Jury Instructions published by the Judicial Council of California ("CACI"), instruction number 3220.

*Plaintiffs' Statement in Opposition to Jury Instruction Number 22*

Defendant cannot provided any evidence that any of the defects for which Plaintiffs presented the Subject Vehicle were a result of Plaintiffs' unauthorized or unreasonable use of the Subject Vehicle.   Therefore, if Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

71

19326418v1

[*Defendant's Proposal*]

**Jury Instruction Number 23**
**Spoliation-Evidence Not Preserved**

Plaintiffs failed to preserve the 2014 BMW 650i for this lawsuit. This means you may infer, based upon plaintiffs' failure to preserve evidence, the following:

1) The 2014 BMW 650i was free from defects at time of sale;

2) The 2014 BMW 650i was successfully repaired at the time of the lease surrender;

3) If the 2014 BMW 650i was made available, it would contain physical evidence harmful to Plaintiffs' case.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 23*

The Ninth Circuit has approved the use of adverse inferences as a sanction for spoliation of evidence but has not provided a standard for determining when such sanctions are warranted. Apple, Inc. v. Samsung Elecs. Co., Ltd., 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). An adverse inference is an instruction to the trier of fact that evidence made unavailable by a party was unfavorable to that party. Nursing Home Pension Fund v. Oracle Corp. 254 F.R.D. 559, 563 (N.D. Cal. 2008). The purpose of an adverse inference is not to impose any moral blame but to restore evidentiary balance and the risk should fall on the party responsible for the loss. Residential Funding Corp., 305 F.3d at 108 (quoting Turner v. Hudson Transit Lines, Inc. 142 F.R.D. 68, 75 (S.D.N.Y. 1991)).

In this case, if dismissal is not granted, then this Court is empowered to direct the jury that the suppressed evidence in this case would have been adverse to the plaintiffs. In the context of this litigation, that means instructing the jury that they should infer from the absence of the vehicle: (1) that it was free from defects; (2) that it was successfully repaired; and (3) that if the vehicle were available it would contain physical evidence harmful to plaintiffs' claims otherwise. Each of these sanctions is warranted, and within the Court's inherent powers.

*Plaintiffs' Statement in Opposition to Jury Instruction Number 23*

Defendant's proposed instruction is an incorrect and incomplete statement of the law. "A plaintiff does not need to possess or own the vehicle a issue to avail himself or herself of the remedies of the Song-Beverly Consumer Warranty Act." (Martinez v. Kia Motors America, Inc. (2011) 193 Cal. App. 4th 187, 192.)

73

*[Defendant's Proposal]*

## Jury Instruction Number 24

### Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

*Defendant's Statement in Support of Jury Instruction Number 21*

CACI 430.


*Plaintiffs' Statement in Opposition to Jury Instruction Number 21*

Defendant's proposed instruction is unnecessary.  If Defendant's proposed instruction is provided to the jury, there is a reasonable likelihood that the jury will misunderstand and misapply the instruction.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

**1.4 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

77

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

19326418v1

# 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question, or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

# 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and,

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

# 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

19326418v1

# 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 1.15 QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1. At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the

written question between counsel and the court during a side-bar conference or by

excusing jurors to the jury room;

3. The judge asks the question of the witness;

4. Counsel are permitted to ask appropriate follow-up questions; and

5. The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS

2:17-cv-6714 SVW

19326418v1

## 1.18 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

# 1.19 OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.   Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 2.11 USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

90

19326418v1

## 2.12 USE OF REQUESTS FOR ADMISSION

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

## 2.13 EXPERT OPINIONS

You have heard testimony from experts who have testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

92

19326418v1

**2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

19326418v1

## 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

### 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

19326418v1

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or

19326418v1

hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 3.4 READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

When a request has been made for a readback playback of the testimony of any witness, it will be provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony.  Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1

**4.1 CORPORATIONS AND PARTNERSHIPS- FAIR TREATMENT**

All parties are equal before the law and BMW NA  is entitled to the same fair and conscientious consideration by you as any party.

101

19326418v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, I filed the foregoing document entitled **JOINT LIST OF PROPOSED JURY INSTRUCTIONS** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_/s/ Brian T. Shippen-Murray
Brian T. Shippen-Murray

JOINT LIST OF PROPOSED JURY INSTRUCTIONS
2:17-cv-6714 SVW

19326418v1