**KNIGHT LAW GROUP LLP**
Steve Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 552-2250
Facsimile: (310) 552-7973

**LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
Michael H. Rosenstein (SBN 169091)
Email:   mrosenstein@rose-law.com
Brian T. Shippen-Murray (SBN 288188)
Email:   bmurray@rose-lawoffice.com
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 286-0275
Facsimile: (310) 286-0274

Attorneys for Plaintiffs
MICHAEL MANSHOORY and MIKE MANSHOORY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL MANSHOORY and MIKE MANSHOORY,<br><br>Plaintiffs,<br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: **2:17-cv-6714 SVW (MRWx)**<br>Judge:   Hon. Stephen V. Wilson<br>Ctrm:     10A<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CONCERNS PRESENTED ONLY ONCE**<br><br>Trial:               April 17, 2018<br>Pre-Trial Conf.: April 9, 2018<br>Filed:               April 28, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant BMW of North America ("Defendant" or "BMW NA") seeks prohibit Plaintiffs Michael Manshoory and Mike Manshoory ("Plaintiffs") from referring to concerns only presented once. Defendant's bizarre interpretation of the law is hard to swallow. The Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") requires a distributor conform the *vehicle* to warranty not each individual part. The trier of fact is required to consider the totality of circumstances when determining whether the repair efforts were reasonable. In fact, each time a particular vehicle was give to an authorized repair facility counts as a "repair opportunity" even if no repair work is done. Based on the following, Defendant's motion in limine number 4 should be denied.

## II. ARGUMENT

The Song-Beverly Act "is a remedial measure intended for the protection of consumers." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal. App. 4th 1094, 1103.) The Song-Beverly Act requires that a distributor promptly repurchase or replace a vehicle when it "is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts . . ." (Cal. Civ. Code §1793.2(d).)

In determining whether or not repair attempts were reasonable, the trier of fact must consider "the circumstances of the case." (*Silvio v. Ford Motor Co.* (2003) 109 Cal. App. 4th 1205, 1209.) In fact, each time a vehicle was given to an authorized repair facility for repair counts as an opportunity to repair, even if it did not do any repair work. (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal. App. 4th 1094, 1103.) "Whether or not the manufacturer's agents choose to take advantage of the opportunity, or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible." (*Id.*) As such, not only are presentations where repairs are

performed only once relevant, but presentations where nothing was repaired at all are relevant.  Defendant's reading of the case law is illogical.

Defendant's purposefully (or carelessly) misread *Silvio*.  In *Silvio*, plaintiff's vehicle experienced sudden and rapid acceleration.  (*Silvio v. Ford Motor Co.* (2003) 109 Cal. App. 4th 1205, 1207.)  Plaintiff presented the vehicle to Ford's authorized repair facility and the technicians could not find anything wrong with the vehicle.  (*Id*.)  In *Silvio*, Ford was only given one opportunity to repair the vehicle before plaintiff brought suit.  (*Id.*)  On appeal, the plaintiff argued that the statute was intended to protect consumers, so it should have been interpreted to mean that only one opportunity to repair need be given to the dealer when the alleged defect is sufficiently serious.  The Court of Appeal held that the term *attempts* requires "more than one attempt."  (*Id.* at 209.)

Defendant somehow interprets this hold to mean that for a repair to be relevant, there must be more than one repair to the same component part.  Defendant's position is a complete misreading of *Silvio*.  Every vehicle has thousands of parts.  Under Defendant's interpretation of the law, a vehicle could be presented for repairs under warranty a thousand times for a thousand different problems and by law, the vehicle could not be a lemon.

The Song-Beverly Act "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." (*Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184.)  Defendant's interpretation of the law is not supported by case law and in direct conflict with the intent of the law.  Here, Plaintiffs do not allege any particular component of the vehicle was defective.  Plaintiffs alleged the vehicle as a whole had defects, that were covered by the warranty, and that were not repaired within a reasonable number of repair attempts.  The jury must be permitted to consider the totality of repair efforts to determine whether Defendant's actions were reasonable under the circumstances.

### III. CONCLUSION

Based on the forgoing, Plaintiffs respectfully request that Defendant's motion in limine number 4 should be denied.

Dated: 4/6/2018     LAW OFFICES OF MICHAEL H. ROSENSTEIN

By: _____
Michael H. Rosenstein
Brian T. Shippen-Murray
Attorneys for Plaintiffs
MICHAEL MANSHOORY and
MIKE MANSHOORY

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I filed the foregoing document entitled **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CONCERNS PRESENTED ONLY ONCE** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_____
Brian T. Shippen-Murray