BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
E-mail: Brian.Takashashi@bowmanandbrooke.com
Richard L. Stuhlbarg (SBN: 180631)
E-mail: Richard.Stuhlbarg@bowmanandbrooke.com
Corinne D. Orquiola (SBN: 226969)
E-mail: Corinne.Orquiola@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No: 310/ 768-3068
Fax No: 310/ 719-1019

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL MANSHOORY and MIKE MANSHOORY,<br><br>            Plaintiffs,<br><br>     vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>            Defendant. | CASE NO.: 2:17-cv-6714 SVW (MRWx)<br><br>[Assigned to the Hon. Stephen V. Wilson]<br><br>**BMW OF NORTH AMERICA, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(a)**<br><br>Action Filed:   April 28, 2017<br>Trial:                April 17, 2018 |

### I.   INTRODUCTION

Plaintiffs have presented no evidence regarding substantial impairment of the subject vehicle's safety or value. Concerning breach of express warranty, plaintiffs should thus only be entitled to argue substantial impairment of use. Indeed, because plaintiffs presented no value impairment evidence at all, their implied warranty and CACI 3205 claims fail as a matter of law. There was no repair exceeding 30 days which also dooms their CACI 3205 claim. Finally, plaintiffs have presented no evidence that BMW of North America, LLC ("BMW

NA") failed to evaluate their repurchase request in good faith. At most, plaintiffs have only shown that plaintiffs and BMW NA had a reasonable difference of opinion as to whether the vehicle qualified for relief under the Song-Beverly Act. As such, plaintiffs have not met their threshold factual burden to prove civil penalty. BMW NA thus respectfully requests that these issues be adjudicated in BMW NA's favor pursuant to Federal Rule of Civil Procedure 50(a).

## II.  STATEMENT OF FACTS PRESENTED AT TRIAL

1. Plaintiffs presented no evidence as to a diminution in the vehicle's value of any kind, nor any substantial impairment thereto.

2. On December 15, 2013, plaintiffs leased the subject 2014 BMW 650i for 3 years with a 30,000-mileage allowance. (Lease Agreement, Exh. 105.)

4. On November 14, 2016, plaintiff Mike Manshoory contacted BMW NA stating he "wants out of the lease." (Service Request Detail 201631903350 – Exh. 129-2.)

5. During its investigation, BMW NA gathered all the repair records from the dealer and reviewed the warranty history. (J. Conde testimony.)

6. On November 29, 2016, BMW NA advised plaintiffs, "After a thorough investigation of the complaints presented, BMW NA has determined that the vehicle's service history does not present an obligation for BMW NA to reacquire the vehicle. Given this evaluation, BMW NA is unable to reacquire the vehicle at this time." (Service Request Detail 201631903350 – Exh. 129-6.)

7. At trial plaintiffs inferred that BMW NA was remiss in not inspecting the vehicle as part of its investigation, but the vehicle had just been presented for repair and was inspected as recently as November 3, 2016. (November 3, 2016 Repair Order, Exh. 127.)

8. Plaintiffs have presented no evidence to suggest that BMW NA did not act in good faith in evaluating their claim and reaching its determination that the vehicle did not qualify for repurchase under the Song-Beverly Act. At

minimum, BMW NA had a reasonable belief in the legality of its action and that the subject vehicle did not qualify for repurchase.

## III. ARGUMENT

### A. The FRCP 50(a) Standard

Federal Rule of Civil Procedure 50(a) states:

(a) Judgment as a Matter of Law.

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> (A) resolve the issue against the party; and
>>
>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

The movant is entitled to judgment as a matter of law if the non-moving party failed to make a showing on essential element of [her] case with respect to which [s]he had burden of proof, such that no reasonable jury could find that non-moving party carried [her] burden of proof. Washington v. Vogel, M.D.Fla.1995, 880 F.Supp. 1542. This standard mirrors the one used by courts in ruling on motions for summary judgment, that is to say, "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

///

### B. Plaintiffs Presented No Evidence Of A Substantial Impairment Of Safety or Value, And As Such Plaintiffs May Only Proceed On A Substantial Impairment of Use Theory

Plaintiffs seek recovery under Civil Code Section 1793.2(d). To prevail on this claim, plaintiffs are required to prove: (1) that the alleged problems with the subject vehicle constitute a "nonconformity;" (2) which "substantially" impair the use, **value**, or **safety** of the new motor vehicle; and (3) which have not been repaired after a reasonable number of repair attempts. Lundy v. Ford Motor Company, 87 Cal.App.4th 472 (2001). (Emphasis added). Further, the California Supreme Court held: "not every customer complaint about a new car, or even every valid customer complaint," constitutes a nonconformity. Instead, the "nonconformity" must "substantially impair the use, value, or safety of the new motor vehicle" before repurchase or replacement is mandated. Johnson v. Ford Motor Company, 35 Cal.4th 1191, 1211 (2005).

### C. Diminution in Value Is The Remedy For Breach Of Implied Warranty; With No Diminution Evidence Plaintiffs' Implied Warranty Claim Fails

There are three cases for this Court to consider in evaluating whether Song Beverly creates a restitution remedy for breach of implied warranty. First and foremost is the California Supreme Court's decision in Gavaldon v. DaimlerChrysler Corp., 32 Cal.4th 1246 (2004). At issue was whether Song-Beverly allowed restitution as a remedy under Civil Code Section 1794. In pertinent part, it provided:

(a) Any buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief.

///

(b) The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in <u>subdivision (d) of Section 1793.2</u>.

Interpreting the legislative history of Song Beverly, the California Supreme Court in <u>Gavaldon</u> explained that the inclusion of restitution in Section 1794(b) was to clarify that such a remedy was only available for a manufacturer's failure to repair a substantially impairing nonconformity after a reasonable number of repair attempts under Civil Code Section 1793.2(d)(2). <u>Id.</u> at 761-762. Implicit in the Court's ruling was the proposition that restitution is only available for such a violation. For breach of implied warranty or any other Song Beverly statutory violation (e.g. more than 30 days as set forth in Civil Code 1793.2(b)), the remedy should be limited to that allowed under the Commercial Code – i.e. diminution in value.

The Court in <u>Gavaldon</u> also rejected appellant's efforts to rescue her restitution remedy with her assertion that her counsel had pled a revocation of acceptance theory under the UCC. However, because no such contention had been raised below at the trial level, the California Supreme Court refused to allow it. The same logic applies here. Plaintiffs never revoked acceptance within a timely manner before any substantial change in the condition of the goods. Plaintiffs contacted BMW NA in November 2016, month 35 of a 36-month lease with 25,000 miles of use, requesting out of the lease. (Exs. 105 & 129.) Accordingly, there is no basis for a restitution remedy here, because there was no timely revocation.

In dicta, there are two appellate court decisions where different remedies were allowed for breach of implied warranty. <u>Isip v. Mercedes-Benz USA, LLC</u>, 155 Cal.App.4th 19, 65 Cal.Rptr.3d 695 (2007), upheld a $20,000 diminution in value verdict for breach of implied warranty. <u>Mocek v. Alfa Leisure, Inc.</u>, 114 Cal.App.4th 402, 7 Cal.Rptr.3d 546 (2003) affirmed, without discussion, a trial

court's award of restitution for breach of implied warranty. The difference between Isip and Mocek is that Mocek preceded Gavaldon. With the Gavaldon decision, it should be clear that diminution in value, not restitution, is the only remedy for breach of implied warranty.

Under California Commercial Code Section 2714(2), "the measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have been if they had been as warranted, unless special circumstances show proximate damages of a different amount."

In analyzing this section of the UCC, noted commentators White and Summers suggest three alternative methods for determining damages:

(1) Cost of repair;
(2) The fair market value of the goods as warranted less the salvage value of the goods;[1] or
(3) The fair market value of the goods as warranted at the time of acceptance less the fair market value of the goods as received at the time of acceptance.

White and Summers, *Uniform Commercial Code*, pp. 377-381 (1980).

Nowhere do these learned commentators suggest that vague, unspecified, subjective "special circumstances" might entitle a buyer, ipso facto, to ask for a full refund of the purchase price just because such "special circumstances"

---

[1] The only California case that deals with the "special circumstances" prong of UCC Section 2-714 is Continental Airlines, Inc. v. McDonnell Douglas Corporation, 216 Cal.App.3d 388, 264 Cal.Rptr. 779 (Cal. App. 2d Dist. 1989). For a DC-10 aircraft delivered in 1972, Continental Airlines sought recovery against McDonnell Douglas for, inter alia, breach of contract arising out of a 1978 fire which rendered the aircraft unrepairable. On appeal, the Court affirmed the use of UCC Section 2-714 as the measure of damages. It then cited Harlan v. Smith, 507 So.2d 943, 945 (Ala. App. 1986) for the proposition that a party's use of a product for a period of time after the sale without notice constituted "special circumstances" which required diminution in value to be measured as of the date the defect was discovered rather than as of the date of acceptance. Id. at 804.

allegedly exist. Nor is there any basis for the jury in this case to render a totally subjective decision that the integrity of the vehicle is in question and/or that plaintiff's "shaken" confidence" justifies a refund of the entire purchase price.

The term "value" in this statute means the "fair market value of the goods." Plaintiff has the burden of proving this measure of damages. <u>Rose v. Chrysler Motors Corp.</u>, 212 Cal.App.2d 755, 763 (1963). While the owner of personal property may testify to its value, an owner's right to testify to valuation is not absolute. <u>Contra Costa Water District v. Bar-C Properties</u>, 5 Cal.App. 4th 652, 661 (1992). There must be a foundation for the owner's opinion. In forming an opinion, the owner may not rely on factors that have only a contingent, remote, uncertain or speculative effect on the property's value. <u>Gilroy v. Filice</u>, 221 Ca.App.2d 259, 269 (1963).

Importantly, the subjective value of a defective product to the purchaser is immaterial in a breach of warranty action. For example, in <u>Wharton, Aldhizer & Weaver v. Savin Corp.</u>, 350 S.E.2d 635, 637 (Va. 1986), a defective copier case, the court held the "statements by two of Wharton's partners that the copier had no value to them or their firm 'does not establish the fact that it had no value,' "meaning fair market value. Similarly, in <u>Monroe v. Hyundai Motor America, Inc.</u>, 606 S.E.2d 894, (Ga.App. 2004), a defective car case, the owner testified that had he "'known about the defects and nonconformities in this vehicle, [he] would not have paid more than $12,000 for it on' the date of purchase." <u>Id.</u> at 896. The trial court struck the statement on the ground it merely addressed the usefulness of the car to the plaintiff rather than its fair market value. <u>Id.</u> at 897.

Here, plaintiffs did not provide any evidence regarding the diminution in value. As such, this case should not go to the jury for breach of the implied warranty of merchantability.

///
///

### D. Because No Value Evidence Was Presented, Plaintiff's CACI 3205 Claim Must Also Fail

CACI 3205 provides for certain damages where a defendant has not begun repairs within a reasonable period of time or has not repaired a vehicle within 30 days. According to the "Direction for Use" for CACI 3205, damages recoverable for violation of Civil Code section 1793.2(b) do not include restitution or replacement for a new motor vehicle. Specifically, the directions state:

> The damages recoverable for unreasonable delay in repairs are uncertain. A violation of Civil Code section 1973.2(b) would not entitle the consumer to the remedies of restitution or replacement for a consumer good or a new motor vehicle as provided in section 1793.2(d). Before those remedies are available, the manufacturer is entitled to a reasonable number of repair opportunities. (*Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.4th 1246, 1262 [13 Cal.Rptr.3d 793, 90 P.3d 752]; see Civ. Code, §§ 1793.2(d), 1793.22) California Uniform Commercial Code remedies that are generally available under Song-Beverly permit the buyer to diminution in value. (See Civ. Code. § 1794(b); Cal. U. Com. Code, §§ 2711-2715.) It seems questionable, however, that a buyer could cancel the sale and get the purchase price back solely for delay in completing repairs, particularly if the repairs were ultimately successful.

As such, restitution is reserved for Civil Code section 1793.2(d) violations. Plaintiffs must show diminished value for CACI 3205 and they did not.

In addition, Plaintiffs have presented no evidence that any single repair exceeded 30 days. Indeed, Mr. Conde testified that the total days down for all the warranty repairs was 12 days. Since Plaintiffs have submitted no evidence of a repair lasting more than 30 days, their claim under CACI 3205 must fail.

### E. Plaintiffs Have Presented No Evidence Of A Bad Faith Denial Of Their Repurchase Request

The Court in <u>Kwan v. Mercedes-Benz of North America, Inc.</u>, 23 Cal. App. 4th 174 (1994), addressed the issue of determining willfulness in connection with the imposition of civil penalty under the Song-Beverly Act. According to the Court, "[A] violation is not willful if the defendant's failure to replace or refund was the result of a good faith and reasonable belief the facts imposing the statutory

obligation were not present." Id. at 185. The Court noted that civil penalties are imposed as punishment or as deterrence. "[C]ourts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the legality of his or her actions. (Citations omitted.)" Id.

"Although the term 'willful' has no 'single, uniformly applicable' definition, it refers generally to intentional conduct undertaken with knowledge or consciousness of its probable results. Id at 182-183. Willful conduct does not require a purpose or specific intent to bring about a result. However, it does require more than negligence or accidental conduct. See, e.g., Calvillo-Silva v. Home Grocery (1998) 19 Cal.4th 714, 729-730; see also, Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd. (2000) 80 Cal.App.4th 1023, 1035)." Patarak v. Williams, 91 Cal.App.4th 826, 829 (2001).

A civil penalty may be awarded if the jury determines that the manufacturer knew of its obligations but intentionally declined to fulfill them. There is no requirement of blame, malice or moral delinquency. However, a violation is not willful if the defendant's failure to replace or refund was the result of a good faith and reasonable belief the facts imposing the statutory obligation was not present. Schreidel v. American Honda Motor Co., 34 Cal.App.4th 1242, 1249-1250 (1995).

Here, the only evidence presented was that BMW NA received plaintiffs' repurchase request, gathered the information regarding their repair history, investigated, reached a good faith conclusion that the vehicle did not qualify, and timely rendered its decision to plaintiffs. Plaintiffs has presented no evidence that would give rise to an inference that BMW NA's belief in its position was false or that its analysis was incomplete. Plaintiffs may not recover civil penalty damages for a difference of opinion. Without any facts to suggest otherwise, plaintiffs' civil penalty claim must fail.

///
///

## IV. **CONCLUSION**

Plaintiffs presented no evidence that could give rise to an inference that the vehicle's safety or value were impaired, and only usage should go to the jury. With no value evidence, plaintiffs' implied warranty and CACI 3205 claims fail as well. There was no repair exceeding 30 days further dooming their 3205 claim. Finally, plaintiffs have presented no evidence of bad faith on BMW NA's part, and no civil penalty question should go to the jury. For the reasons cited above, BMW NA respectfully contends that Federal Rule of Civil Procedure 50 mandates the adjudication of implied warranty, CACI 3205, and civil penalty in its favor.

DATED: April 18, 2018                                BOWMAN AND BROOKE LLP


BY:   /s/ Corinne D. Orquiola
      Brian Takahashi
      Richard L. Stuhlbarg
      Corinne D. Orquiola
      Attorneys for Defendant
      BMW OF NORTH AMERICA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2018, I filed the foregoing document entitled **BMW OF NORTH AMERICA, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(a)** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/Corinne D. Orquiola
Corinne D. Orquiola