FILED
CLERK, U.S. DISTRICT COURT

APR 1 8 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

10
11

MICHAEL MANSHOORY ET AL,

Plaintiff,

v.

BMW OF NORTH AMERICA ET AL,

Defendants.

Case No.: 2:17-cv-06714-SVW-MRW

**Jury Instructions**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The plaintiff has the burden of proof by a preponderance of the evidence.  When a party has the burden of proof by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses, what they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Plaintiffs claim that BMW NA failed to promptly repurchase or replace a BMW 650i after a reasonable number of repair opportunities. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs leased a BMW 650i distributed by BMW NA;

2. That BMW NA gave Plaintiffs a written warranty;

3. That the vehicle had a defect that was covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Plaintiffs' situation;

4. That Plaintiffs delivered the vehicle to BMW NA or its authorized repair facility for repair of the defect;

5. That BMW NA or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That BMW NA did not promptly replace or buy back the vehicle.

It is not necessary for Plaintiffs to prove the cause of a defect in the BMW 650i.

1        Each time the BMW 650i was given to BMW NA or its authorized repair

2   facility for repair counts as an opportunity to repair, even if they did not do any

3   repair work.

4        In determining whether BMW NA had a reasonable number of

5   opportunities to fix the BMW 650i, you should consider all the circumstances

6   surrounding each repair visit. BMW NA or its authorized repair facility must have

7   been given at least two opportunities to fix the BMW 650i unless only one repair

8   attempt was possible because the BMW 650i was later destroyed or because

9   BMW NA or its authorized repair facility refused to attempt the repair.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs claims that they were harmed because BMW NA failed to repair the BMW 650i within 30 days with regard to the November 2013 engine light complaint. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs leased a BMW 650i distributed by BMW NA;

2. That BMW NA gave Plaintiffs a written warranty;

3. That the BMW 650i had a defect that was covered by the warranty;

4. That BMW NA or its authorized repair facility failed to complete repairs within 30 days so as to conform to the applicable warranties.

In deciding whether a reasonable person would believe that the vehicle's defect, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a) The nature of the defect;

(b) The cost and length of time required for repair;

(c) Whether past repair attempts have been successful;

(d) The degree to which the vehicle could be used while awaiting repair; and

(e) The availability and cost of comparable transportation during the repairs.

1  BMW NA has an affirmative duty to promptly offer a repurchase or replacement for
2  a vehicle if it is unable to repair the vehicle within a reasonable number of repair
3  attempts. Plaintiffs have no obligation to request BMW NA repurchase or replace
4  their vehicle.

A defect requiring the vehicle's refund or replacement must substantially impair the use, value or safety of the new vehicle.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The fact that Plaintiffs continued to use the BMW 650i after delivering it for repair does not necessarily waive their right to demand replacement or reimbursement. Nor does it reduce the amount of damages that you could award to Plaintiffs if you find that they have proved their claim against BMW NA.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BMW NA is not responsible for any harm to Plaintiffs if BMW NA proves that the defect for which Plaintiffs seek recovery was caused by unauthorized or unreasonable use of the 2014 BMW 650i after it was sold.

1    If you decide that BMW NA or its authorized repair facility failed to repair

2    the defect after a reasonable number of opportunities, then Plaintiffs are entitled to

3    recover the amounts they prove they paid for the car, including:

4    1. The amount paid to date for the vehicle, including finance charges and any

5    amount still owed by Plaintiffs;

6    2. Charges for transportation and manufacturer-installed options; and

7    3. Sales tax, use tax, license fees, modified registration fees, and other official

8    fees.

9    In determining the purchase price, do not include any charges for items

10   supplied by someone other than BMW NA.

11   Plaintiffs' recovery must be reduced by the value of the use of the vehicle

12   before it was brought in for repair. BMW NA must prove how many miles the

13   vehicle was driven between the time when Plaintiffs took possession of the

14   vehicle and the time when Plaintiffs first delivered it to BMW NA or its

15   authorized repair facility to fix the defect.

16   Multiply this mileage number by the purchase price, including any charges

17   for transportation and manufacturer-installed options, and divide that amount by

18   120,000. Deduct the resulting amount from Plaintiffs' recovery.

19

20

21

22

23

24

25

26

27

28

Plaintiffs also claim additional reasonable expenses for incidental damages according to proof at trial.

To recover these expenses, Plaintiffs must prove all of the following:

1. That the expense was actually charged;

2. That the expense was reasonable; and

3. That BMW North America's breach of warranty was a substantial factor in causing the expense.

Plaintiffs also claim additional reasonable expenses for consequential damages according to proof at trial.

To recover these expenses, Plaintiffs must prove all of the following:

1. That BMW NA's failure to repurchase the 2014 BMW 650i was a substantial factor in causing damage to Plaintiffs;

2. That the damages resulted from Plaintiffs' requirements and needs;

3. That BMW North America had reason to know of those requirements and needs at the time of sale;

4. That Plaintiffs could not reasonably have prevented the damages; and

3. The amount of damages.

Plaintiffs claim that BMW NA's failure to repurchase the 2014 BMW 650i was willful and therefore asks that you impose a civil penalty against it. A civil penalty is an award of money in addition to a plaintiff's damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If Plaintiffs have proved that BMW NA's failure was willful, you may impose a civil penalty against it.

If you find that BMW NA believed reasonably and in good faith that the facts imposing an obligation to replace or refund were not present in this case, then the failure to replace the vehicle or refund the purchase price was not willful and you may not impose a civil penalty.

The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Plaintiffs' actual damages.

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.